GUADALUPE ET AL., PLAINTIFFS AND APPELLEES, *v* PORTO RICO RAILWAY, LIGHT & POWER CO., DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Damages.—Change of Venue.

No. 2743.—Decided March 9, 1923.

VENUE—CHANGE OF VENUE—CORPORATION—PUBLIC SERVICE.—As a public service corporation supplying several towns with electric light is not a merchant for the purpose of subdivision 2 of section 78 of the Code of Civil Procedure, it is entitled to have the case transferred to the district of its residence.

The facts are stated in the opinion.

*Mr. J. H. Brown* for the appellant.

*Messrs. F. Cervoni* and *H. G. Molina* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

This is a personal action for damages and personal injuries alleged to have been caused by negligence.

Defendant appeals from an order overruling a motion for a change of venue based upon residence in San Juan.

The theory of the court below was that defendant is a merchant maintaining "commercial establishments situated in different judicial districts" within the meaning of section 78 of the Code of Civil Procedure.

The complaint alleges that defendant furnishes the electric light consumed in the city of Humacao, where it maintains a business agency.

In 27 Cyc., at page 478, there is a definition which reads thus:

"MERCHANT: Strictly a buyer, but, by extension, one who buys to sell, or buys and sells; one whose business is to buy and sell merchandise, and who does both, not occasionally or incidentally, but habitually and as a business; one who is engaged in the business of buying commercial commodities, and selling them again, for the sake of profit; one who is engaged in the purchase and sale of goods: a person who buys goods to sell again; a person who is engaged in a business requiring the purchase of articles to be sold again, either in the same or in an improved state; a dealer in merchandise; a dealer in goods, wares, and merchandise, who has the same on hand for sale and present delivery; one who deals in the purchase of goods; a trader; any dealer or trader; one who buys and trades in anything; one who is really engaged in the business of trader: a trafficker; one who traffics, by way of buying and selling or bartering goods or any merchandise; one who traffics in, or who. buys and sells, goods and commodities; one who traffics or carries on trade."

And at page 1232 of 11 C. J. we find this:

"COMERCIANTE: In Spanish law, merchant, whose legal status is more definitely fixed than in the Anglo-American law. Under the present Spanish Code of Commerce the term 'comerciante' may include individuals with legal capacity to trade who devote themselves thereto habitually and commercial or industrial associations (partnerships or corporations) organized in accordance with said code."

Article 1 of our Code of Commerce follows:

"Article 1.—The following are merchants for the purposes of this code:

"1.—Those who, having legal capacity to trade, regularly devote themselves thereto.

"2. Commercial or industrial companies which are formed in accordance with this code."

Section 78 of the Code of Civil Procedure is a literal copy of article 65 of the Spanish Code, but article 66 of the former law was omitted in selecting the provisions imported therefrom into the Idaho code adopted in 1904.

These two sections in the Spanish Code provide that:

"Art. 65.—The legal domicile of mechants, in all that relates to commercial acts and contracts and the consequences thereof, shall be the town where their principal place of business is located.

"Persons who have commercial establishments situated in different judicial districts may be made defendants in personal action in the place where their principal establishment is located or where the obligation was incurred, at the election of the plaintiff.

"Art. 66.—The domicile of civil and commercial corporations shall be the town designated as such in the articles of incorporation or in their by-laws.

"Should this circumstance not be apparent the provisions applicable to merchants shall be observed.

"Joint-stock companies are excepted from the provisions contained in the foregoing articles in all that relates to litigation between the members, with regard to whom the general provisions of his law shall be observed."

In the view we take of the matter, the question as to whether or not, under the former practice, the second paragraph of article 65 was ever applied in the case of any corporation whose domicile was fixed by its articles of incorporation or by-laws, need not be discussed at this time.

The first paragraph of article 65 is expressly limited to matters relating to commercial acts and contracts "and the consequences thereof." It is perhaps more than doubtful whether the "personal actions" referred to in the second paragraph were ever meant to include an action to recover damages for personal injuries alleged to have been caused by negligence in nowise connected with any commercial transaction or contractual relation. The two paragraphs are much more closely connected in the Spanish version than in the English translation. In the Spanish text the words beginning the second paragraph and translated "persons who" are *"los que"* (those who), referring clearly to the merchants mentioned in the preceding paragraph. Also the English phrase "where the obligation was incurred" seems

to be somewhat broader than the reference in Spanish to the district *"en el que se hubieren obligado."*

As a general rule, the venue of personal actions, whether sounding in tort or not, is determined by the residence of the defendant, and the exception contained in section 78 of the Code of Civil Procedure should not be extended by a too liberal construction. The spirit and purpose of the whole chapter on venue is that all actions should be tried at the place where defendant resides, save only in such exceptional instances as are clearly defined by specific statutory provisions. See *Baker, Carver & Morrell* v. *Healy & Siebert, ante,* page 527.

But aside from all this, we are persuaded that the complaint does not even aver that defendant is a merchant, or that it maintains a commercial establishment in Humacao.

A business agency is not necessarily a commercial establishment. And if a public service corporation supplying a town with electric light and maintaining a business agency in such locality is a merchant, then *a fortiori* a railroad company which maintains a station and sells tickets in any particular community is likewise a merchant. In the absence of any authority or very persuasive argument in support of the theory advanced by the court below, we are constrained to take the contrary view.

The case of *Oliver* v. *Jayuya Development Co.,* 24 P. R. R. 777, the only case cited by the court below, is not in point. That was an action for injuries to real estate, and the decision was based squarely on that ground without passing upon any other point.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.